E-FILED
Tuesday, 15 March, 2011 02:54:25 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT D. JONES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-3207 |
| ) | |
| **DAVE REDNOUR, Warden,** ) | |
| **Menard Correctional Center,** ) | |
| ) | |
| Respondent. ) | |

### ORDER

Now before the Court is Respondent's Motion to Dismiss without Prejudice or, in the Alternative, Hold in Abeyance, Petitioner's Petition for a Writ of Habeas Corpus. For the reasons set forth below, Respondent's Motion to Dismiss [#12] is GRANTED and Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

On June 25, 1998, Petitioner Robert D. Jones ("Jones") was found guilty by a jury of first degree murder in the Circuit Court of Sangamon County, Illinois.[1] Jones was sentenced to 85 years in prison on September 4, 1998. He filed a direct appeal of his conviction in the Illinois Appellate Court, Fourth District, and it affirmed his conviction. *People v. Jones*, 734 N.E.2d 207, 214 (Ill. App. 2000). Jones' petition for leave to appeal to the Illinois Supreme Court was

---

[1] Jones had previously been tried before a jury and convicted of the same murder, but the Illinois Appellate Court remanded for a new trial because the appellate court determined that the trial court admitted statements made during plea negotiations that should have been excluded under Illinois Supreme Court Rule 402(f). *See People v. Jones*, 757 N.E.2d 464, 465 (Ill. App. 2000).

granted on November 29, 2000. The Illinois Supreme Court remanded the case to the Circuit Court for a hearing on Jones' argument that the trial court improperly ruled on a motion for substitution of judge, retained jurisdiction, and did not reach the other issues he raised on appeal. *People v. Jones*, 757 N.E.2d 464, 466 (Ill. 2001). The Circuit Court denied the motion for substitution of judge, and the Illinois Supreme Court thereafter ruled upon all six of the claims Jones made on appeal. On January 20, 2006, the Illinois Supreme Court affirmed Jones' conviction. *People v. Jones*, 845 N.E. 2d 598, 617 (Ill. 2006). Jones' petition for writ of certiorari to the United States Supreme Court was denied on October 2, 2006.

While Jones' direct appeal was pending, he filed a postconviction petition in the Circuit Court of Sangamon County on January 11, 2001, raising thirty-eight claims. That state postconviction petition remains pending. On May 10, 2010, Jones commenced an action pursuant to the Illinois Habeas Corpus Act, 735 ILCS 5/10-101. Jones is proceeding *pro se* in that action, and it too remains pending.

On August 12, 2010, Jones filed the instant § 2254 petition raising forty-eight claims. In his petition, Jones indicates that the first thirty-eight claims are the same he raised in his pending state postconviction petition, claim thirty-nine is pending in his state habeas proceedings, and the remaining claims were presented on direct appeal. He argues that the Court should proceed to rule on his claims, even if unexhausted, because there is an absence of available state corrective process. Respondent filed the instant Motion to Dismiss arguing that the Court should dismiss Jones' petition without prejudice because he has not exhausted his available state court remedies for forty of his claims, and the Court should not stay the case pending Jones' exhaustion of state court remedies. Jones filed a Supplemental Answer to the Motion to Dismiss [#15] in which he

2

requests waiver of the exhaustion requirement due to the "misconduct of State Authorities." This Order follows.

## DISCUSSION

Before considering the merits of a petition for writ of habeas corpus brought under 28 U.S.C. § 2254, a district court must consider whether the petitioner has exhausted all available state remedies. If the answer to this question is "no," the petition is barred for failure to exhaust state remedies. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 112 S.Ct. 387 (1991); *Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied*, 109 S.Ct. 1648 (1989). In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. *Bocian v. Godinez*, 101 F.3d 465, 468-69 (7th Cir. 1996).

Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b). Exhaustion occurs when federal claims have been presented to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time the federal petition is filed. *Farrell*, 939 F.2d at 410; *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1196 (7th Cir. 1998), *rev'd on other grounds*, *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1730 (1999) (a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In the case at bar, it is clear that Jones has failed to exhaust his available state law remedies as to the vast majority of his claims, because they are included in his currently pending postconviction petition. He also represents that his state petition for writ of habeas corpus is pending before the Circuit Court of Sangamon County. Nevertheless, Jones asks the Court to waive the exhaustion requirement pursuant to § 2254(b), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . .there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(B).

Jones argues that there is an absence of available state corrective process because circumstances exist which render the process ineffective to protect his rights. He sets out various dates in his state proceedings and concludes that he is "unable to exhaust his remedies because there are too many people of authority with an opposite agenda and those people control the Sangamon County Justice system." Petition at 16. Jones incorrectly argues that there is an absence of available state corrective process where he has filed a state postconviction petition, and more recently, a state habeas corpus petition. The timeline along which his state postconviction petition is proceeding is another matter.

"Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Respondent, in further support of its position that the Court should not stay the instant action and proceed to the merits of Jones' § 2254 petition, argues that Jones cannot establish that the delays in the state

4

proceedings are attributable to the state. *See Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995) (citing *Lane,* 957 F.3d at 365) (stating that the federal court may consider whether the delay is attributable to the state to determine whether the delay in state court is unjustifiable).

There was a delay in Jones' postconviction proceedings in state court where his postconviction petition was originally incorrectly assigned between January 11, 2001, and May 24, 2004. That delay was certainly irregular, but the time that has elapsed since May 24, 2004, is attributable to Jones' own counsel. During that time, Jones has had both court-appointed counsel as well as private counsel. Since May 24, 2004, counsel for Jones has sought numerous extensions to file an amended postconviction petition. The state court granted the last request for an extension of time to file on July 7, 2009, and Jones has yet to file an amended postconviction petition. In his Status Report filed on March 14, 2011, Respondent states that he has conferred with counsel for the State of Illinois in Jones' postconviction proceeding who has indicated that Jones' counsel is currently attempting to gather further information to file the long-awaited amended postconviction petition.

The current delay in state postconviction proceedings, nearing the 7-year mark, is therefore not attributable the state and so does not excuse Jones' failure to exhaust his state court remedies. See *Sceifers,* 46 F.3d at 703; *Bell v. Robert*, 402 F. Supp. 2d 938, 943 (N.D. Ill. 2005) (". . . if the delay cannot be attributed to the state, then the state's process cannot fairly be considered ineffective for the purposes of Section 2254(b)"). To the extent that Jones contends that state court authorities are engaging in misconduct so that there is no corrective process available, that is his own interpretation of events and is not supported by anything other than Jones' speculation. Contrary to what he asserts, Jones' postconviction proceedings are not

delayed because of state authorities' actions, but rather because his own counsel has delayed in filing an amended posconviction petition. Jones' state habeas case is proceeding in a timely manner, and so any further consideration of that proceeding is unnecessary.

The Court next faces the issue of whether a stay and abeyance should be entered in this case. Petitioner Jones' petition is a "mixed" petition because it includes exhausted and unexhausted claims. *Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006). Under such circumstances, Supreme Court and Seventh Circuit authority provide that a district court has discretion to enter a stay and abeyance of the federal habeas proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stating that it would be an abuse of a district court's discretion to dismiss a mixed petition where the petitioner has good cause for failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentional dilatory litigation tactics); *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) (holding that a district court has the discretion to determine whether a stay is warranted in the particular circumstances of each case).

Respondent argues that Jones cannot establish good cause for failing to exhaust his state court remedies where they are currently pending and state proceedings have been delayed because of his counsel's actions. Respondent also argues that there is no danger of dismissal in state court coming too late for Jones because the limitations period under § 2244(d)(1)(A) has not yet started to run where Jones filed his postconviction petition before his direct appeal concluded. Having considered the particular circumstances of this case, the Court finds that a stay is not warranted in this case. Because Jones filed his postconviction petition while his direct appeal was pending, no time has elapsed under § 2244(d)(2) and so there is no threat that his

6

state proceedings will come to an end too late for him to re-file his § 2254 habeas. Additionally, Jones cannot establish good cause justifying his failure to exhaust when it is his own counsel who has still not filed an amended postconviction petition that will have the effect of moving the proceedings along. The Court trusts that sincere efforts will be made in the state court to bring those proceedings to a definitive end in the near future. At this time, Jones' failure to exhaust in state court remains unexcused and the Court will not stay the matter.[2]

Finally, Rule 11 of the Rules Governing Section 2254 cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. To obtain a certificate of appealability (CA), a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, no reasonable jurist could conclude that the vast majority of Jones' habeas claims have been exhausted. For the reasons stated above, a "plain procedural bar" exists because he

---

[2] Jones does not request that he be allowed to delete his unexhausted claims and proceed with the exhausted claims, but rather insists that the Court excuse the failure to exhaust in total. *See Rhines*, 544 U.S. at 278 (stating that if a district court determines stay and abeyance is inappropriate where there is mixed petition, the court should allow the petition to proceed with only his exhausted claims if dismissal of the entire petition would "unreasonably impair the petitioner's right to obtain federal relief").

has not exhausted all the claims he has brought in his federal habeas petition and that failure to exhaust is not attributable to the State of Illinois. As a result, he has not made a showing of the denial of a constitutional right. Accordingly, this Court will not issue Jones a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Respondent Rednour's Motion to Dismiss Without Prejudice [#12] is GRANTED, and Jones' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED WITHOUT PREJUDICE. The Court declines to stay and hold this matter in abeyance.

ENTERED this 15th day of March, 2011.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge